## DUNSON *v.* GRESHAM.

No. 7313. SEPTEMBER 13, 1930.

*J. C. & H. E. Edwards,* for plaintiff·in error.
*Sam Kimzey* and *R. C. Scott,* contra.

ATKINSON, J. Dunson, a real-estate agent, received for sale from Gresham certain securities and corporate stocks of face values aggregating $7500, under an agreement that for his services Dunson should receive one half of whatever should be realized from the sale of the property. The property was invested in five separate tracts of land. After the investment Gresham executed a written instrument under seal, dated December 16, 1916, conveying to Dunson a $2700 interest in the land. Subsequently Dunson paid from his individual funds $500 to the purchaser of some of the original stock, which had proved worthless; and on April 12, 1917, Gresham executed a written instrument under seal, conveying to Dunson a $500 interest additional in the same land above mentioned. On May 18, 1917, Gresham executed to Dunson a deed to one of the

tracts of land and a note for $3950. The deed, though absolute in form and purporting to be for a consideration of $3950, was intended as security for the note. The deed and note were both executed under seal, and neither of them mentioned the other, or either of the two instruments first above mentioned; nor were either of such prior instruments demanded by Gresham or surrendered by Dunson. After certain payments had been made and credits entered on the note for $3950, Dunson assigned to a third person the note and the security therefor above mentioned, and thereafter Gresham paid to the assignee the balance due on the note and received from him a quitclaim deed to the land. After discharging the note and receiving the quitclaim deed, Gresham demanded from Dunson surrender of the two instruments first above mentioned, and, on refusal, instituted an equitable action to cancel them as clouds upon his title. Dunson, by answer in the nature of a cross-action, sought judgment on the two contracts first above mentioned, for the principal sums of $2700 and $500 respectively, with interest and attorney's fees. A verdict for the plaintiff was returned, and the exception is to the judgment denying the defendant's motion for a new trial.

1. Gresham testified in effect that the $3950 note and security therefor were given in settlement of everything that he owed Dunson at the time, which included, among others, the two items of $2700 and $500, which aggregated $3200; and that Dunson "made the figures" and wrote the note and deed, and witness executed them. It was not erroneous to admit the evidence over the objections that it was an effort to set up by parol a novation of the two prior written contracts relating to the sale of land executed under seal, and consequently was illegal, irrelevant, and incompetent. Civil Code, § 5794.

2. The judge did not err in omitting to charge on the subject of novation of contracts.

3. The charge as to the form of the verdict was not erroneous on the ground that it did not state the law applicable to novation of contracts.

4. The evidence was sufficient to support the verdict for the plaintiff, and the judge did not err in refusing the defendant's motion for a new trial.

*Judgment affirmed. All the Justices concur.*